IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALYSSA LEWIS                  :      CIVIL ACTION NO.:
    Plaintiff                    :
                           :
v.                           :
                           :
HARROLD'S PHARMACY, INC.   :      JURY TRIAL DEMANDED
    Defendant              :

COMPLAINT

Plaintiff Alyssa Lewis (hereinafter "Ms. Lewis" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant Harrold's Pharmacy, Inc. (hereinafter "Harrold's" or "Defendant"), and in support thereof avers as follows:

NATURE OF THE ACTION

1. This is an action for damages and other relief brought by Plaintiff against Defendant for disability discrimination and failure to accommodate in violation of Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("Title VII/PDA"); failure to accommodate and retaliation in violation of the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg et seq. ("PWFA"); and interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

1

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over Plaintiff's ADA, Title VII/ PDA, PWFA, and FMLA claims pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein were committed within the Middle District of Pennsylvania and Defendant is subject to personal jurisdiction in this district.

4.     This Court will have supplemental jurisdiction over Plaintiff's parallel claims under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA") as they arise from the same common nucleus of operative fact as the claims set forth herein.[1]

## PARTIES

5.     Plaintiff is an adult individual who, at all relevant times, resided in Luzerne County, Pennsylvania.

6.     Defendant is a Pennsylvania business corporation with a place of business located at 250 Old River Rd, Wilkes Barre, PA 18702, within the Middle District of Pennsylvania.

7.     At all times material hereto, Defendant employed more than fifteen (15) individuals and is an "employer" within the meaning of the ADA, 42 U.S.C. §

---

[1] Plaintiff will amend this Complaint to add counts under the PHRA when the administrative exhaustion requirement (one year from filing) is met.

12111(5); Title VII, 42 U.S.C. § 2000e(b); and the PWFA, 42 U.S.C. § 2000gg(2), and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

ADMINISTRATIVE PREREQUISITES

8.      On or about October 28, 2025, Plaintiff dual-filed a Complaint of discrimination with the the Pennsylvania Human Relations Commission ("PHRC"), dual-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging disability discrimination, pregnancy discrimination, failure to accommodate, and retaliation.

9.      On June 15, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint is filed within ninety (90) days of Plaintiff's receipt of that Notice, and all conditions precedent to the institution of this action under the ADA, Title VII/ PDA, and the PWFA have been satisfied.

10.     No administrative exhaustion is required for Plaintiff's FMLA claims, and those claims are timely filed within the applicable statute of limitations. 29 U.S.C. § 2617(c).

STATEMENT OF FACTS

11.     Plaintiff began working for Defendant in September 2023 as a Data Technician.

12.     Plaintiff has Type 1 diabetes, a disability and a serious health condition within the meaning of the ADA, the PWFA, and the FMLA.

13.     In 2024, Plaintiff was approved for FMLA leave related to her diabetes.

14.    On or about April 22, 2025, Plaintiff informed Defendant that she was pregnant and that her pregnancy, combined with her diabetes, was causing unstable blood glucose levels.

15.    Defendant provided Plaintiff with FMLA certification paperwork for completion by her physician.

16.    Plaintiff's physician returned the completed certification in late April 2025, but Defendant claimed the certification contained an "obvious error" that reduced the amount of leave approved as compared to Plaintiff's prior certification.

17.    Despite acknowledging the "obvious error", Defendant failed to provide Plaintiff with corrected forms or an opportunity to cure the alleged deficiency, as required by 29 C.F.R. § 825.305(c).

18.    When Plaintiff required additional absences, she provided medical documentation for every missed day, as instructed by Defendant. Defendant nonetheless deemed these absences "unprotected" under the FMLA and began citing Plaintiff for attendance violations.

19.    On May 13, 2025, while clarification of Plaintiff's FMLA paperwork remained pending, and despite Plaintiff's full documentation of her absences, Defendant terminated Plaintiff's employment.

20.    Defendant claimed Plaintiff was discharged for "leaving early" and "attendance issues," although Defendant's own time records show that Plaintiff

worked her full shifts, including on May 7, 2025, the date on which she was falsely accused of leaving early.

21. Defendant's stated reasons for terminating Plaintiff were pretextual and were advanced after Plaintiff notified Defendant of her pregnancy, requested reasonable accommodations, and submitted FMLA certification paperwork.

22. As a direct and proximate result of Defendant's conduct, Plaintiff was denied the equal benefits and privileges of employment and suffered lost wages and benefits, emotional distress, humiliation, and other damages.

COUNT 1
Disability Discrimination and Failure to Accommodate
Americans with Disabilities Act, 42 U.S.C. § 12112

23. Plaintiff incorporates by reference all preceding paragraphs, including paragraphs 11 through 22, as if set forth in full herein.

24. Plaintiff was, at all relevant times, a qualified individual with a disability within the meaning of the ADA.

25. Defendant failed to provide Plaintiff with reasonable accommodations, failed to engage in the interactive process, and terminated Plaintiff's employment because of her disability and disability-related absences, in violation of 42 U.S.C. § 12112.

26. As a direct and proximate result of Defendant's conduct, Plaintiff was denied the equal benefits and privileges of employment and suffered economic losses, emotional distress, humiliation, and other damages.

COUNT 2
Pregnancy Discrimination
Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy
Discrimination Act, 42 U.S.C. § 2000e(k)

27.    Plaintiff incorporates by reference all preceding paragraphs, including paragraphs 11 through 22, as if set forth in full herein.

28.    Defendant treated Plaintiff less favorably than non-pregnant employees who were similar in their ability or inability to work, and failed to accommodate Plaintiff's pregnancy-related limitations, in violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

29.    As a direct and proximate result of Defendant's conduct, Plaintiff was denied the equal benefits and privileges of employment and suffered economic losses, emotional distress, humiliation, and other damages.

COUNT 3
Failure to Accommodate and Retaliation
Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1 et seq.

30.    Plaintiff incorporates by reference all preceding paragraphs, including paragraphs 11 through 22, as if set forth in full herein.

31.    Defendant failed to provide reasonable accommodations for Plaintiff's known limitations related to pregnancy, and terminated Plaintiff's employment in retaliation for her request for accommodation, in violation of the PWFA, 42 U.S.C. § 2000gg-1 et seq.

6

32.   As a direct and proximate result of Defendant's conduct, Plaintiff was denied the equal benefits and privileges of employment and suffered economic losses, emotional distress, humiliation, and other damages.

COUNT 4
FMLA Interference
Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1)

33.   Plaintiff incorporates by reference all preceding paragraphs, including paragraphs 11 through 22, as if set forth in full herein.

34.   Plaintiff was an eligible employee, and Defendant was a covered employer, within the meaning of the FMLA.

35.   Plaintiff was entitled to FMLA-protected leave for a serious health condition.

36.   Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her FMLA rights by, among other things: refusing to correct an acknowledged deficiency in Plaintiff's medical certification; failing to afford Plaintiff an opportunity to cure any such deficiency; improperly deeming properly-documented absences "unprotected"; and terminating Plaintiff's employment while her certification remained unresolved, in violation of 29 U.S.C. § 2615(a)(1).

37.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic losses and other damages.

## COUNT 5
### FMLA Retaliation
### Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2)

38.    Plaintiff incorporates by reference all preceding paragraphs, including paragraphs 11 through 22, as if set forth in full herein.

39.    Plaintiff engaged in activity protected by the FMLA, including requesting and seeking to use FMLA leave and submitting the requested medical certification.

40.    Defendant terminated Plaintiff's employment because she exercised or attempted to exercise her FMLA rights, in violation of 29 U.S.C. § 2615(a)(2).

41.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic losses and other damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award:

(a)    Back pay and lost benefits;

(b)    Front pay, or reinstatement in lieu thereof;

(c)    Compensatory damages, including for emotional distress and humiliation;

(d)    Punitive damages, to the extent permitted under the ADA and Title VII;

(e)    Liquidated damages under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii);

(f)    Pre- and post-judgment interest;

(g)    Reasonable attorneys' fees, costs, and expenses; and

(h)    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date:  07/29/2026

s/ George R. Barron
George R. Barron, Esquire
Attorney for Plaintiff
PA Attorney ID # 88747
88 North Franklin Street
Wilkes-Barre, PA 18701

9